# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

HUMANE WORLD FOR ANIMALS, INC.,
AND HUMANE WORLD FOR ANIMALS
INTERNATIONAL,

                Plaintiffs,

     v.

AMERICAN HUMANE ASSOCIATION,

                Defendant.

Case No. 25-2672

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiffs Humane World for Animals, Inc., also known as The Humane Society of the United States, and Humane World for Animals International (collectively, "Plaintiffs"), by and through their undersigned counsel, for their Complaint against Defendant American Humane Association ("Defendant"), state as follows:

## NATURE OF THE ACTION

1.     This is an action arising under federal and state trademark infringement and unfair competition laws including 15 U.S.C. §§ 1051, 1114, and 1125 *et seq.*, common law trademark infringement, and unfair or deceptive trade practices under D.C. Code § 28–3904 (2024) for violations by Defendant of Plaintiffs' rights, including in the trademarks HUMANE SOCIETY OF THE UNITED STATES & Design® (  ), HUMANE SOCIETY INTERNATIONAL®, Animal Globe Design ( ), and variations thereof (collectively, "Plaintiffs' Humane Society Trademarks").

As discussed in greater detail below, Plaintiffs are acclaimed animal protection and animal welfare leaders serving more than 10 million members in the United States and worldwide. Since at least as early as 1956 in the U.S. and 1991 internationally, Plaintiffs have expended significant resources to develop their reputations and build brand equity in Plaintiffs' Humane Society Trademarks promoting public awareness around the need for animal rescue, protection, and welfare, in addition to their charitable fundraising and related services making consistent and substantial use of Plaintiffs' Humane Society Trademarks. As a result, consumers have come to associate Plaintiffs' Humane Society Trademarks exclusively with Plaintiffs' organization and award-winning services.

2.      Defendant is another organization that operates in the animal rescue, protection, and welfare space.

3.      Defendant has recently undergone a rebrand to use the names "American Humane Society" and "Global Humane Society" in connection with its services, bringing its company names even closer to Plaintiffs and Plaintiffs' Humane Society Trademarks within the space.

4.      As part of its rebrand, Defendant adopted logos featuring colors and animal silhouettes that imitate the silhouettes used in Plaintiffs' Humane Society Trademarks.

5.      Defendant filed several U.S. trademark applications for the above-referenced trademarks as well as others bearing the American Humane Society and Global Humane Society names and/or animal silhouettes ("Defendant's American Humane Society Trademarks"). *See* Exhibit A.

6.      Defendant has engaged in unfair competition and/or unfair or deceptive business practices by electing to undergo an organization-wide rebrand to use the American Humane Society and Global Humane Society names, with knowledge of actual confusion amongst donors,

members, and the public about the source of Plaintiffs' and Defendant's services *prior* to adopting the names.

7.      Defendant has gone even further to adopt colors, fonts, and images that are confusingly similar to Plaintiffs' trademarks and branding materials that have been used for decades.

8.      Defendant's choice to rebrand to reflect a business that is *even closer* to Plaintiffs in terms of appearance, sound, meaning, and overall commercial impression demonstrates an intent to capitalize on the goodwill that has been long-established in Plaintiffs' brand.

9.      Unless enjoined, Defendant's actions will result in a likelihood of confusion in the market and irreparable harm to Plaintiffs.

10.     Plaintiffs seek injunctive relief, actual damages, reasonable attorneys' fees, and any other relief the Court deems just and proper to remedy the harm caused by Defendant's trademark infringement and unfair and deceptive business practices.

## THE PARTIES

11.     Plaintiffs are non-profit corporations organized and existing under the laws of the State of Delaware and the District of Columbia, both having a principal place of business at 1255 23rd Street NW, Suite 450, Washington, D.C. 20037.

12.     On information and belief, Defendant is organized under the laws of the District of Columbia, having a principal place of business at 1400 16th Street NW, Suite 360, Washington, D.C. 20036.

## JURISDICTION AND VENUE

13.     This action arises under the trademark and unfair competition laws of the United States, Title 15 of the United States Code, as well as common law trademark infringement and the

unfair or deceptive trade practices law of the District of Columbia, D.C. Code § 28–3904 (2024). This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338, and 28 U.S.C. § 1367(a).

14.    This Court has supplemental jurisdiction over the remaining claim asserted in this complaint pursuant to 28 U.S.C. § 1367 because D.C. Code § 28–3904 (2024) is so related to the federal claims that it forms part of the same case or controversy and is derived from a common nucleus of operative facts.

15.    Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b) and (c) because a substantial number of the events that form the basis of this Complaint took place in this Judicial District and Defendant's principal place of business is in this Judicial District.

16.    On information and belief, Defendant is subject to personal jurisdiction in this Judicial District by virtue of its presence in this State, principal place of business in this State, having conducted business in this State, having availed itself of the rights and benefits of the District of Columbia law such that it should reasonably anticipate being haled into court in this Judicial District, having engaged in systematic and continuous contacts with the District of Columbia, within this Judicial District, and from the receipt of substantial revenue from activities conducted in this State and in this Judicial District.

## PLAINTIFFS' BRAND AND TRADEMARKS

17.    Plaintiffs are award-winning industry leaders in animal protection and animal welfare, serving over 10 million members worldwide.

18.    Plaintiffs are consistently recognized as the nation's most effective animal protection organizations.

4

19.    Plaintiffs have worked tirelessly to promote public awareness around the importance of animal rescue, protection, and welfare, in addition to conducting charitable fundraising and related services under Plaintiffs' Humane Society Trademarks for over 70 years.

20.    Plaintiffs operate a global segment of their organizations and have used the HUMANE SOCIETY INTERNATIONAL name and trademark and corresponding Animal Globe Design for the same services for decades.

21.    Plaintiffs own common law and federally registered trademark rights in numerous marks comprised of or containing HUMANE SOCIETY and/or animal silhouettes.

22.    In February 2025, Plaintiffs changed its names to Humane World for Animals and Humane World for Animals International.

23.    Plaintiffs have used and continue to use Plaintiffs' Humane Society Trademarks in connection with a variety of goods and services within the animal protection and animal welfare space, including but not limited to organizing conferences, charitable fundraisers, mission-based trips, and an online blog providing a first-hand account of Plaintiffs' ongoing efforts in animal protection ("Plaintiffs' Goods and Services").

24.    Plaintiffs have used Plaintiffs' Humane Society Trademarks to advertise Plaintiffs' Goods and Services throughout six continents, including to residents of the District of Columbia, through various media such as a podcast, blog, various social media accounts, and the website located at *www.humaneworld.org*.

25.    Plaintiffs have expended significant resources in marketing, advertising, and promoting Plaintiffs' Humane Society Trademarks, and Plaintiffs' extensive, continuous, and exclusive use of Plaintiffs' Humane Society Trademarks in connection with Plaintiffs' Goods and

Services has created and maintains substantial goodwill and customer recognition in Plaintiffs'
Humane Society Trademarks.

26.    In addition to their extensive common law rights in Plaintiffs' Humane Society
Trademarks, Plaintiffs own trademark registrations with the United States Patent and Trademark
Office ("USPTO"), including:

| Mark | Reg. No. | Reg. Date. | Representative Goods/Services |
|------|----------|------------|-------------------------------|
| THE HUMANE SOCIETY OF THE UNITED STATES | 3,702,037 | October 27, 2009 | Posters, bumper stickers, and brochures. Charitable fundraising. |
| HUMANE SOCIETY INTERNATIONAL | 1,757,776 | March 9, 1993 | Charitable fundraising. Animal protection services. |
| | 4,526,811 | February 19, 2013 | Promoting public awareness in the field of animal protection. Charitable fundraising. |

Printouts from the USPTO reflecting the current status of Plaintiffs' trademark registrations are
attached as Exhibit B.

27.    U.S. Trademark Registration Nos. 3,702,037 and 4,526,811 are incontestable
pursuant to 15 U.S.C. § 1065 and therefore constitute conclusive evidence of Plaintiffs' ownership
and exclusive rights to use the marks in connection with the goods and services covered by the
registrations.

28.    Plaintiffs' rights under Plaintiffs' Humane Society Trademarks are entitled to
protection from unfair competition, infringement, and injury to the marks and the goodwill
represented by such marks.

## DEFENDANT'S CONDUCT

29.    Defendant describes itself as an animal rescue, protection, and advocacy organization.

30.    Defendant operates in the same animal welfare and protection space as Plaintiffs and describes itself as offering the same and/or related services as Plaintiffs' Goods and Services.

31.    Between September 19, 2024 and November 18, 2024, Defendant filed U.S. federal trademark applications for registration of trademarks, including App. Nos. 98/759,510; 98/759,509; and 98/759,512 for promoting public awareness of the need for rescue, care and protection of animals.

32.    Upon information and belief, Defendant filed its applications and adopted Defendant's American Humane Society Trademarks with knowledge of Plaintiffs' planned name change.

33.    Upon information and belief, Defendant adopted Defendant's American Humane Society Trademarks with the intent to trade on the goodwill of Plaintiffs' Humane Society Trademarks and to confuse the public.

34.    Defendant's American Humane Society Trademarks bear a strong resemblance to Plaintiffs' Humane Society Trademarks. The combination of Defendant's American Humane Society Trademarks with Defendant's similar branding to Plaintiffs' branding demonstrates a clear and intentional attempt by Defendant to liken its company to Plaintiffs to benefit from the longstanding goodwill garnered by Plaintiffs in the animal rights space and to cause consumer confusion.

35.    In its rebrand, Defendant changed the names of both its domestic and international entities to include the word "SOCIETY", which it has not previously used.

36.    Defendant adopted a font and color which it has never previously used that are highly similar to the font and color used in the HUMANE SOCIETY OF THE UNITED STATES trademark.

37.    Defendant adopted animal silhouette designs that are nearly identical in appearance and commercial impression to the animal silhouette designs used by Plaintiffs.

38.    On information and belief, there have been several instances of actual confusion by donors, members, and the public regarding the respective companies, including at least one bequest made in error to Defendant instead of to the intended recipients, Plaintiffs.

39.    Upon information and belief, Defendant adopted the American Humane Society name *after* determining that actual confusion existed within the animal protection and welfare market between Defendant and Plaintiffs.

40.    Defendant uses Defendant's American Humane Society Trademarks in the same field as Plaintiffs' Humane Society Trademarks.

41.    Defendant's adoption of confusingly similar trademarks to Plaintiffs' Humane Society Trademarks, with preexisting knowledge of Plaintiffs' rights in Plaintiffs' Humane Society Trademarks, coupled with evidence of actual confusion constitutes willful infringement.

42.    Defendant's use of Defendant's American Humane Society Trademarks creates a false association between Defendant and Plaintiffs.

43.    As a result, unless enjoined, Defendant's conduct will cause a likelihood of confusion in the market and irreparable harm to Plaintiffs, their reputations, Plaintiffs' Humane Society Trademarks, and the goodwill represented by the trademarks.

## COUNT I
## (15 U.S.C. § 1114 – Federal Trademark Infringement)

44.    Plaintiffs reallege and incorporate herein by reference the allegations set forth in the foregoing paragraphs.

45.    Plaintiffs own rights in and to Plaintiffs' Humane Society Trademarks.

46.    Defendant's use of Defendant's American Humane Society Trademarks in connection with overlapping and related services with those offered by Plaintiffs is likely to cause confusion, or to cause mistake, or to deceive by creating a highly similar and misleading commercial impression to Plaintiffs and Plaintiffs' Humane Society Trademarks.

47.     Defendant's acts complained of herein constitute trademark infringement in violation of Section 32 of the Lanham Act, as amended, 15 U.S.C. § 1114.

48.    Defendant's activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception amongst members of the trade and public, in addition to injury to Plaintiffs' goodwill and reputations as symbolized by Plaintiffs' Humane Society Trademarks, for which Plaintiffs have no adequate remedy at law.

49.    Defendant's actions demonstrate a willful intent to trade on the goodwill associated with Plaintiffs' Humane Society Trademarks to Plaintiffs' irreparable harm.

50.    Defendant has caused and is likely to continue causing substantial injury to the public and to Plaintiffs, and Plaintiffs are entitled to injunctive relief, actual damages, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## COUNT II
## (15 U.S.C. § 1125(a) – Federal Unfair Competition, False Designations of Origin)

51.    Plaintiffs reallege and incorporate herein by reference the allegations set forth in the foregoing paragraphs.

52.     Plaintiffs own rights in and to Plaintiffs' Humane Society Trademarks.

53.     Plaintiffs have used Plaintiffs' Humane Society Trademarks continuously and extensively for decades and, as a result, the public associates each of Plaintiffs' trademarks with Plaintiffs. Plaintiffs have established valuable goodwill in their trademarks.

54.     Defendant underwent a rebrand to adopt the American Humane Society and Global Humane Society names, with knowledge of Plaintiffs' rights in their trademarks and knowledge of evidence of actual confusion prior to adoption, thereby creating a false association between Defendant and Plaintiffs.

55.     Defendant has made use in interstate commerce of Defendant's confusingly similar American Humane Society Trademarks in connection with overlapping offerings and advertising that is confusingly similar to Plaintiffs' Goods and Services.

56.     Defendant's use of Defendant's American Humane Society Trademarks in connection with overlapping services with those offered by Plaintiffs is likely to cause confusion, or to cause mistake, or to deceive by creating a highly similar and misleading commercial impression with Plaintiffs and Plaintiffs' Humane Society Trademarks.

57.     Defendant's acts complained of herein constitute unfair competition in violation of Section 32 of the Lanham Act, as amended, 15 U.S.C. § 1125(a).

58.     Defendant's activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to Plaintiffs' goodwill and reputations as symbolized by Plaintiffs' Humane Society Trademarks, for which Plaintiffs have no adequate remedy at law.

59.     Defendant's actions demonstrate bad faith and willful intent to trade on the goodwill associated with Plaintiffs' Humane Society Trademarks, causing Plaintiffs irreparable harm.

60.     Defendant has caused and is likely to continue causing substantial injury to the public and to Plaintiffs, and Plaintiffs are entitled to injunctive relief, actual damages, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

**COUNT III**
**(Common Law Trademark Infringement)**

61.     Plaintiffs reallege and incorporate herein by reference the allegations set forth in the foregoing paragraphs.

62.     Plaintiffs own rights in and to Plaintiffs' Humane Society Trademarks.

63.     As a result of Plaintiffs' longstanding, continuous, and exclusive use of Plaintiffs' Humane Society Trademarks, consumers have come to associate Plaintiffs' Humane Society Trademarks as distinctive symbols of the goodwill established in Plaintiffs' brand and associated goods and services.

64.     Defendant's use of Defendant's American Humane Society Trademarks in connection with overlapping and related services with those offered by Plaintiffs is likely to cause confusion, or to cause mistake, or to deceive by creating a highly similar and misleading commercial impression to Plaintiffs and Plaintiffs' Humane Society Trademarks.

65.     Defendant's acts complained of herein constitute common law trademark infringement.

66.     As a result of Defendant's willful and intentional acts, Plaintiffs have suffered injury for which they may recover.

## COUNT IV
## (Common Law Unfair Competition)

67.    Plaintiffs reallege and incorporate herein by reference the allegations set forth in the foregoing paragraphs.

68.    On information and belief, Defendant's willful and intentional acts alleged in this Complaint will interfere with Plaintiffs' ability to conduct their business and constitute unfair competition at law.

69.    As a result of Defendant's willful and intentional acts, Plaintiffs have suffered commercial damages for which they may recover.

## COUNT V
## (D.C. Code § 28–3904 – Unfair or Deceptive Trade Practices)

70.    Plaintiffs reallege and incorporate herein by reference the allegations set forth in the foregoing paragraphs.

71.    Defendant has knowingly and willfully engaged in unfair or deceptive trade practices within the meaning of D.C. Code § 28–3904, by causing consumers to be misled as to the source of the parties' respective goods or services; causing likelihood of confusion or misunderstanding as to the affiliation or connection between Defendant and Plaintiffs by adopting highly similar trademarks to Plaintiffs' Humane Society Trademarks and comparable branding with existing knowledge of instances of actual confusion in consumers *prior* to the name change.

72.    Defendant's use of confusingly similar trademarks to Plaintiffs' Humane Society Trademarks is causing and is likely to cause substantial injury to the public and to Plaintiffs, and Plaintiffs have no adequate remedy at law for this injury. Plaintiffs are entitled to injunctive

relief, punitive damages, reasonable attorney's fees, and any other relief which this Court determines is proper under D.C. Code § 28–3905.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs request that this Court enter judgment for Plaintiffs and against Defendant as follows:

    A. That Defendant, including through the use of Defendant's American Humane Society Trademarks, infringes upon Plaintiffs' rights, including but not limited to rights in Plaintiffs' Humane Society Trademarks.

    B. That the Court preliminary and permanently enjoin and restrain Defendant and its officers, directors, agents, employees, and all persons in active concert or participation with Defendant who receive actual notice of the injunction, by personal service or otherwise, from doing, abiding, causing, contributing to, inducing or abetting any of the following:

        i. Infringing or contributing to infringing on Plaintiffs' Humane Society Trademarks;

        ii. Engaging in any acts or activities that are directly or indirectly calculated to infringe on Plaintiffs' Humane Society Trademarks;

        iii. Using any designations that are confusingly similar to Plaintiffs' Humane Society Trademarks in any marketing or promotional materials, including but not limited to on Defendant's website; and

        iv. Otherwise competing unfairly with Plaintiffs in any manner whatsoever.

    C. That the Court find that Defendant's infringement of Plaintiffs' Humane Society Trademarks is and has been willful.

D.  That the Court order Defendant to account for and pay to Plaintiffs the damages to which Plaintiffs are entitled as a consequence of Defendant's infringement of Plaintiffs' Humane Society Trademarks.

E.  That the Court order Defendant to account for and pay over to Plaintiffs all damages suffered by Plaintiffs as a result of Defendant's unfair competition.

F.  That the Court enter an order placing reasonable but effective restrictions on Defendant's future transactions and activities so as to prevent fraud on the Court and ensure Defendant's capacity to pay, and the prompt payment of, any judgment entered against Defendant in this action.

G.  That the Court award Plaintiffs pre-judgment and post-judgment interest on each and every monetary award.

H.  That Plaintiffs be awarded such other and further relief as this Court may deem is just or proper.

## JURY DEMAND

Plaintiffs respectfully request a jury trial on all issues so triable.

Dated: August 14, 2024          Respectfully submitted,

MORGAN, LEWIS & BOCKIUS, LLP

By: /s/ Raechel Keay Anglin

Raechel Keay Anglin
Anita B. Polott
Amber Grant
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
raechel.anglin@morganlewis.com
anita.polott@morganlewis.com
amber.grant@morganlewis.com
Tel.: +1.202.739.3000
Fax: +1.202.739.3001

Brent A. Hawkins (*pro hac vice to be filed*)
MORGAN, LEWIS & BOCKIUS LLP
One Market
Spear Street Tower
San Francisco, CA 94105-1596
brent.hawkins@morganlewis.com

*Counsel for Humane World for Animals, Inc. and
Humane World for Animals International*