**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **HUMANE WORLD FOR ANIMALS, INC.,**<br>    **Plaintiff/Counter Defendant,**<br><br>   **v.**<br><br>**AMERICAN HUMANE ASSOCIATION,**<br>   **Defendant/Counter Claimant.** | **Civil Action No. 25-2672 (JDB)** |

**MEMORANDUM OPINION**

In a manner perhaps incongruous with the raison d'être behind their names, two animal welfare organizations are suing each other, exchanging claims primarily relating to trademark infringement, unfair competition, and unfair or deceptive trade practices. Before the Court now is plaintiff's partial motion to dismiss four of defendant's counterclaims for lack of subject matter jurisdiction, lack of standing, and failure to state a claim.

Because plaintiff has sued defendant for infringing trademarks that include the term "humane society," the Court has jurisdiction to consider defendant's counterclaim seeking a declaratory judgment that plaintiff does not have exclusive rights in that term. And because defendant alleges monetary harm from plaintiff passing itself off as defendant, it has standing to bring unfair competition claims. But because defendant does not allege plaintiff took any improper actions in the use of process—i.e., acts beyond the normal course of litigation—it fails to plausibly allege abuse of process. Accordingly, the Court will grant in part and deny in part plaintiff's motion to dismiss.

1

**Background**

Humane World for Animals, Inc. (Humane World) and American Humane Association (Humane Association) are two "organization[s] that operate[] in the animal rescue, protection, and welfare space." Am. Compl. ¶ 2, Dkt. 19; see also Answer & Affirmative Defs. with Counterclaims ¶ 2, Dkt. 26 (Answer & Counterclaims).[1] Following Humane Association's recent rebrand, Humane World now brings federal and state claims of trademark infringement, unfair competition, and unfair or deceptive trade practices. Am. Compl. ¶¶ 1, 4. Humane World alleges that Humane Association adopted logos that imitate the silhouettes in Humane World's trademarks with actual knowledge of confusion among donors and the public and intent to capitalize on Humane World's goodwill. Id. ¶¶ 5-9. Specifically, Humane World alleges (1) trademark infringement under 15 U.S.C. § 1114, (2) unfair competition under 15 U.S.C. § 1125(a), (3) common law trademark infringement, (4) common law unfair competition, and (5) unfair or deceptive trade practices under D.C. Code § 28-3904. Id. ¶¶ 47-77. Humane World seeks declaratory and injunctive relief as well as damages. Id. at 14-15.

In response, Humane Association denies many of the allegations and asserts affirmative defenses and counterclaims, the latter of which are at issue here. See Answer & Counterclaims. Specifically, Humane Association claims entitlement to declaratory judgments (1) of non-infringement, (2) that Humane World has no exclusive rights in the term "humane society" because the term is "generic" or "descriptive," and (3) that Humane Association is the senior and exclusive user of certain marks. Id. ¶¶ 48-62. Humane Association also alleges (4) unfair competition under 15 U.S.C. § 1125(a), (5) common law unfair competition, (6) unfair or deceptive trade practices

---

[1] Humane World is also known as The Humane Society of the United States, Am. Compl. at 1, and Humane Association does business as American Humane Society, Answer & Counterclaims at 1. The Court refers to them by their alternative names to avoid confusion.

under D.C. Code § 28-3904, and (7) abuse of process.  Id. ¶¶ 63-86.  Humane Association seeks declaratory and injunctive relief as well as damages.  Id. at 31-32.

Humane World now moves for dismissal of Humane Association's second, fourth, fifth, and seventh counterclaims.  Pl.'s Partial Mot. to Dismiss, Dkt. 28 (Pl.'s Mot.).  Humane Association has opposed Humane World's motion, Def.'s Opp'n, Dkt. 34, and Humane World has replied, Pl.'s Reply, Dkt. 35.  The motion is therefore ripe for consideration.

## Discussion

Humane World moves to dismiss Humane Association's counterclaim that it is entitled to a declaratory judgment that Humane World lacks exclusive rights in the term "humane society" as well as its counterclaims for unfair competition and abuse of process.  The Court agrees with Humane World only as to the abuse of process claim.

### I.   Whether the Court Has Subject Matter Jurisdiction Over the Second Counterclaim

Humane World seeks dismissal of Humane Association's second counterclaim—regarding exclusive rights in the term "humane society"—because, in its view, that term is not at issue in this case.  Pl.'s Mot. 7-11.  It is mistaken.

Federal court jurisdiction is limited to deciding actual cases or controversies.  U.S. Const. art. III.  In "a case of actual controversy," a federal court "may declare the rights and other legal relations of any interested party seeking such declaration."  MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 126 (quoting 28 U.S.C. § 2201(a)), cited by Pl.'s Mot. 8.  A declaratory judgment action satisfies the case-or-controversy requirement where "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality."  Id. at 127 (quotation omitted).  Courts may not, however, issue advisory opinions "upon a hypothetical state of facts."  Id.  And "a litigant may not use a declaratory-judgment action to obtain piecemeal

adjudication of defenses that <u>would not finally and conclusively resolve</u> the underlying controversy." <u>Id.</u> n.7 (citing <u>Calderon v. Ashmus</u>, 523 U.S. 740, 749 (1998) (holding that state prisoner could not bring a declaratory judgment action seeking only a ruling that California did not qualify for certain habeas proceeding advantages because doing so would "carve out" the procedural issue from the underlying habeas dispute)).

Humane World argues that there is no case or controversy because it "does not assert exclusive rights in the term 'humane society,'" instead merely claiming that "it owns common law rights and federal trademark registrations for marks 'comprised of or containing' the term 'humane society.'" Pl.'s Mot. 8 (quoting Am. Compl. ¶ 23). In Humane World's view, then, Humane Association is improperly carving out the "humane society" issue from the broader litigation. But it is Humane World that slices the salami too thin.

Humane World is the party that brought this suit, alleging federal and common law trademark infringement, federal unfair competition, and state unfair or deceptive trade practices. Am. Compl. ¶¶ 47-77. Plainly, there is an actual case or controversy, and one of Humane World's own making. In response to Humane World's complaint, Humane Association raises a host of affirmative defenses and brings counterclaims to boot, one of which asks the Court to clarify the parties' respective rights in the term "humane society." It makes sense that Humane Association would want such clarification because it is being sued for infringing Humane World's trademarks, which include that term. So, to <u>dismiss</u> the second counterclaim would be to improperly "carve out" the "humane society" issue from this litigation. <u>See Calderon</u>, 523 U.S. at 749.

Humane World offers three more arguments in support of its motion, none of which are availing. First, it contends that "trademarks must be assessed in their entirety to capture the overall impression they give to consumers," so there is no jurisdiction to declare the respective rights of

the parties as to the term "humane society" standing alone.  Pl.'s Mot. 9.  But that conflates the merits question of whether the Humane Association can prevail on its counterclaim with the jurisdictional question of whether there is "a case of actual controversy" within which the Court "may declare the rights and other legal relations" of the parties.  MedImmune, 549 U.S. at 126 (quoting 28 U.S.C. § 2201(a)).  There is such a controversy for the reasons just explained.

Second, Humane World cites for support Green Edge Enterprises v. Rubber Mulch Etc., 620 F.3d 1287, 1300 (Fed. Cir. 2010), see Pl.'s Reply 3, Dkt. 35, but that case cuts against them. There, the Federal Circuit held that the district court erred in dismissing certain counterclaims for lack of jurisdiction.  For one, the Circuit emphasized that "a party that has been sued for trademark infringement has established declaratory judgment jurisdiction to allege noninfringement and invalidity" because "[t]o hold otherwise would prevent a defendant from raising defenses to the charge against it."  Id. (citation omitted).  Here, having been sued for trademark infringement, Humane Association asserts both noninfringement and that Humane World lacks exclusive rights in a certain term—"humane society"—incorporated within its marks.  The Federal Circuit also underscored that the question whether a term is "descriptive" or not goes to the merits rather than jurisdiction.  See id. at 1301-02.  So too here.  See Answer & Counterclaims ¶¶ 57 (claiming that Humane Association "is entitled to a declaration that the term 'humane society' is generic or descriptive and not protectable or exclusively owned by" Humane World).

Third, as an alternative to its jurisdictional argument, Humane World observes that courts have discretion regarding whether to hear a declaratory judgment action and disfavor doing so where it "would cause a case to be tried piecemeal" or would resolve particular issues "without settling the entire controversy."  Pl.'s Mot. 10 (quoting Gibson v. Liberty Mut. Grp., 778 F. Supp. 2d 75, 78 (D.D.C. 2011)); cf. President v. Vance, 627 F.2d 353, 364 n.76 (D.C. Cir. 1980), cited

by Glenn v. Thomas Fortune Fay, 222 F. Supp. 3d 31, 36 (D.D.C. 2016) (explaining that courts grant declaratory judgments only if they will "serve a useful purpose in clarifying the legal relations at issue" or "terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding").  But again, the underlying case presenting the actual controversy is already here—Humane World brought it.

Thus, the Court has subject matter jurisdiction to consider the second counterclaim.

II.     **Whether Humane Association Has Article III Standing for the Fourth and Fifth Counterclaims**

Humane World next argues that Humane Association lacks Article III standing to bring its unfair competition counterclaims because it has failed to plausibly allege injury in fact.  Pl.'s Mot. 11-12.  Not so.

"To establish standing, a plaintiff must show (1) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (2) that the injury was likely caused by the defendant; and (3) that the injury would likely be redressed by judicial relief."  TransUnion LLC v. Ramirez, 594 U.S. 413, 423 (2021) (citation modified).  Humane World contends that Humane Association has failed to plausibly allege "concrete and particularized" injury in fact, instead only offering "abstract allegations" that "broadly assert that Humane World has 'taken advantage' of the term 'humane society' to pass itself off" as Humane Association or local humane societies. Pl.'s Mot. 11.[2]

However, Humane World alleges "lost donations" that were mistakenly made to Humane World instead of Humane Association.  Answer & Counterclaims ¶ 67; see also id. ¶ 71 (claiming

---

[2] The Court agrees with Humane World that Humane Association has (wisely) abandoned any argument seeking to vindicate the rights of unaffiliated local humane societies.  See Pl.'s Reply 6-7, Dkt. 35; Kowalski v. Tesmer, 543 U.S. 125, 129 (2004) (reaffirming that a party "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties" (quotation omitted)).

that Humane Association "has suffered commercial damages"). "[T]hat sort of pocketbook injury is a prototypical form of injury in fact." Collins v. Yellen, 594 U.S. 220, 243 (2021) (citation omitted); cf. United States v. Fair, 699 F.3d 508, 514 (D.C. Cir. 2012) (discussing on the merits the "lost-profits on diverted-sales theory" applicable in copyright infringement cases). Granted, a party must establish each element of standing "with the manner and degree of evidence required at the successive stages of the litigation." TransUnion, 594 U.S. at 431 (quotation omitted). But "for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Therefore, Humane Association has met its standing burden at this stage as to the fourth and fifth counterclaims by alleging the prototypical harm of pocketbook injury from diverted donations.

### III.    Whether the Seventh Counterclaim States a Claim for Abuse of Process

Humane World finally contends that Humane Association fails to state a claim for abuse of process because Humane Association fails to plausibly allege an ulterior motive or an improper act in Humane World's use of process. Pl.'s Mot. 12-14; see also Iqbal, 556 U.S. at 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007))). The Court agrees.

"Under District of Columbia law, abuse of process occurs when 'process has been used to accomplish some end which is without the regular purview of the process, or which compels the party against whom it is used to do some collateral thing which he could not legally and regularly be required to do.'" Moore v. United States, 213 F.3d 705, 712 (D.C. Cir. 2000) (quoting Jacobson v. Thrifty Paper Boxes, Inc., 230 A.2d 710, 711 (D.C. 1967)); see also Scott v. District of

Columbia, 101 F.3d 748, 755-56 (D.C. Cir. 1996) ("The usual case of abuse of process is one of some form of extortion . . . ." (quoting Restatement 2d of Torts § 682 cmt. b (1977))).  Thus, acting with an ulterior motive is not enough to establish abuse of process.  Scott, 101 F.3d at 755.  Instead, there must also be a "perversion of the judicial process and achievement of some end not contemplated in the regular prosecution of the charge."  Id. at 756 (quoting Bown v. Hamilton, 601 A.2d 1074, 1080 (D.C. 1992)).  In other words, "[t]here are two essential elements to an abuse of process claim: '(1) the existence of an ulterior motive; and (2) an act in the use of process other than such as would be proper in the regular prosecution of the charge.'"  Houlahan v. World Wide Ass'n of Specialty Programs & Schools, 677 F. Supp. 2d 195, 199 (D.D.C. 2010) (quoting Hall v. Hollywood Credit Clothing, 147 A.2d 866, 868 (D.C. 1959)).

Here, Humane Association claims that Humane World has engaged in a "scheme of launching multiple legal actions in this Court and with the [U.S. Patent and Trademark Office's Trademark Trial and Appeal Board]" as part of "flagrant attempts to prevent [Humane Association] from using its marks in the animal welfare space in order to eliminate fair competition for donations."  Answer & Counterclaims ¶ 85.  Humane Association further alleges that these filings amount to "misuse" of the judicial process because the actions are "known to be baseless and unfounded."  Id. ¶ 86.  In response, Humane World argues that Humane Association's allegations of ulterior motive are conclusory and that it has failed to allege that Humane World has committed any improper act to abuse—rather than simply use—the judicial process.  Pl.'s Mot. 12-14.

Indeed, Humane Association makes no allegations that Humane World has "misused the judicial process to seek relief beyond what the system legitimately offered."  Rockwell Capital Partners v. CD Int'l Enters., 311 F. Supp. 3d 52, 55 (D.D.C. 2018) (citation modified).  Thus, even

assuming Humane Association has sufficiently pled an ulterior motive—namely, eliminating fair competition for donations—it has failed to plausibly plead additional acts (beyond the mere filing of this suit) to abuse the judicial process to that end.  The single case that Humane Association can marshal in support of its theory is inapposite.  See Def.'s Opp'n 11 (citing Feld Ent. Inc. v. Am. Soc'y for the Prevention of Cruelty to Animals, 873 F. Supp. 2d 288, 330 (D.D.C. 2012)).  There, the plaintiff alleged "a multitude of acts in the litigation process which were improper and wholly outside the 'regular' prosecution of a civil action: namely, defendants filed a lawsuit based on a knowingly fraudulent claim of standing, and bribed their primary plaintiff to participate in the lawsuit and to testify falsely about his standing in order to maintain the lawsuit."  Feld, 873 F. Supp. 2d at 330.  Humane Association makes no such allegations here.

Accordingly, Humane Association has failed to plausibly allege abuse of process.

## CONCLUSION

For the foregoing reasons, the Court will grant Humane World's motion as to the seventh counterclaim and deny the motion as to the second, fourth, and fifth counterclaims.[3]  A separate order will accompany this opinion.

/s/
JOHN D. BATES
United States District Judge

Date: April 13, 2026

---

[3] Because Humane Association theoretically could cure the deficiency in its seventh counterclaim pleading, the Court will dismiss that claim without prejudice.  See Firestone v. Firestone, 76 F.3d 1205, 1209 (D.C. Cir. 1996).